UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY W. SEEVERS,**

       **Plaintiff,**

       v.

**COMMISSIONER OF
SOCIAL SECURITY,**

       **Defendant.**

Case No. 2:14-cv-00511
**JUDGE GREGORY L. FROST**
Magistrate Judge Terrence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation dated March 9, 2015 ("R&R") (ECF No. 18). In Part VI(B) of the R&R, the Magistrate Judge recommended that the Court sustain Plaintiff's statement of errors to the extent that this case be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four. The Commissioner objects to this conclusion (ECF No. 19), and Plaintiff filed a response to the Commissioner's objection (ECF No. 21).

For the reasons that follow, the Court **SUSTAINS** the Commissioner's objection (ECF No. 19), **SETS ASIDE** Part VI(B) of the R&R, and **OVERRULES** Plaintiff's second asserted error in his Statement of Specific Errors.

**I.    BACKGROUND**

Plaintiff applied for disability benefits on May 4, 2010, alleging that he has been disabled since December 15, 2004. An administrative law judge ("ALJ") held a hearing on Plaintiff's application on February 21, 2012 and concluded that Plaintiff was not disabled within the

1

meaning of the Social Security Act (the "Act"). The Magistrate Judge set forth a full summary of those findings in the R&R. A brief summary of relevant findings is set forth below.

The opinions of two medical professionals are relevant to this Opinion and Order. First, Dr. Nicole Leisgang evaluated Plaintiff and performed a functional assessment. Dr. Leisgang's assessment includes the following statement:

> The claimant responded appropriately during this evaluation but did appear to be anxious. He reported a long history of anxious and depressed mood and currently is involved in a therapeutic program. There is no indication of impulsivity, anger control difficulty, or substance abuse. Rather, his presentation and comments suggest that *he may respond to stressful situations with anxious and depressed mood, withdrawal, and poor frustration tolerance. Consequently, he may have difficulty coping with major changes in the work environment.*

(ECF No. 10, at PAGEID # 484 (emphasis added).)

Second, Dr. John Linton testified as a medical expert at Plaintiff's hearing. Dr. Linton testified that he viewed Dr. Leisgang's assessment "as being the bedrock for what's happening in this situation." (*Id*. at PAGEID # 109.) Dr. Linton went on to make the following comments about Plaintiff's condition:

- [The] file reflects that this gentleman should probably work in a very low stress environment, and that it has to be relatively uncomplicated. . . . [H]e probably does have some limitations in his ability to process complex instructions, and, you know, it's likely he should be in relatively uncomplicated work, low-stress work, and I can be more specific with it. . . . [H]e does have some problems with attention and concentration, which leads me to believe that he should have something that's relatively uncomplicated. (*Id*.)

- [Plaintiff's learning disability] speaks to the fact that, you know, his ability to process complicated material would be a challenge for him. (*Id*. at PAGEID # 111.)

- [S]ome others probably say that his contact with the public should be limited, and I don't – I wouldn't put him on the complaint desk at Walmart the day after Christmas. (*Id*.)

2

- Concentration, persistence, and pace is probably moderate. (*Id*.)

- [A]ny work activity should be relatively uncomplicated, and they also made the case [that] dramatic changes in the work environment would be difficult for him to cope with, so – and he testified to that. He said when things – when the rules suddenly change, well then, he sort of has a meltdown. He has a hard time keeping up with it, so I'm suggesting that this can't be a situation where everything we did yesterday has changed today. . . . I think his ability to kind of be tuned up to new marching orders would be difficult for him. (*Id*. at PAGEID # 115.)

- I'm suggesting that [his job] would have to be something that would have to be relatively uncomplicated so that he wouldn't have to go out of his way to learn new material . . . . (*Id*. at PAGEID # 116.)

The ALJ gave "great weight" to Dr. Linton's testimony, which essentially adopted Dr. Leisgang's evaluation. From there, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work with the following limitations: "he is limited to simple routine work tasks. He cannot work in a public service capacity, but can tolerate interaction with the public. Further, he requires a stable work environment with no changes in work routine." (*Id*. at PAGEID # 73.)

The ALJ used this exact assessment to pose a hypothetical question to the vocational expert, Patricia Posey. *See id*. at PAGEID # 117. Ms. Posey testified that someone with Plaintiff's age, education, work experience, and limitations could perform jobs such as basket filler, hand packer, and dryer attendant, and that those jobs existed in significant numbers in the national and regional economy. The ALJ accepted that testimony and concluded that Plaintiff was not disabled within the meaning of the Act.

That decision became the Commissioner's final decision when the Appeals Council denied review. Plaintiff filed the present lawsuit seeking review of that decision pursuant to 42 U.S.C. § 405(g).

3

Plaintiff asserts that the ALJ erred in two ways: (1) by failing to properly weigh the medical evidence of record, and (2) by failing to include limitations in her hypothetical question and her RFC to account for all of the mental limitations she found to exist.  The Magistrate Judge found Plaintiff's first asserted error to be without merit and recommended in Part VI(A) of the R&R that the Court overrule the same.  Regarding the second asserted error, however, the Magistrate Judge agreed with Plaintiff that neither the RFC nor the hypothetical question to the VE accounted for all of the limitations the ALJ found to exist.  The Magistrate Judge therefore recommended in Part VI(B) of the R&R that the Court remand this action pursuant to 42 U.S.C. § 405(g).

The Magistrate Judge's analysis in Part VI(B) of the R&R proceeds as follows.  First, according to the Magistrate Judge, the ALJ gave "great weight" to Dr. Linton's opinion and therefore adopted his opinion in full.  Dr. Linton stated that Plaintiff should be limited to "low-stress work."  Other courts have defined a low stress environment as "one free of fast-paced production or quota requirement."  (ECF No. 18, at PAGEID # 598 (quoting *Huffman v. Astrue*, No. 2:10-CV-031, 2011 WL 1002096, *5 (S.D. Ohio Jan. 24, 2011), adopted and affirmed 2011 WL 1002721).  The ALJ therefore adopted an opinion that Plaintiff was limited to an environment free of fast-paced production or quota requirement.  Because the ALJ did not include that restriction in either her RFC or hypothetical question to the VE, the hypothetical question was deficient.  Accordingly, under *Ealy v. Comm'r of Social Sec'y*, 594 F.2d 504 (6th

4

Cir. 2010),[1] the VE's answer to that question cannot constitute substantial evidence in support of the ALJ's decision to deny benefits.  Remand is necessary to give consideration "to the need for a low-stress work environment."  (ECF No. 18, at PAGEID # 599.)

The Commissioner objects to the Magistrate Judge's conclusion.  The Court will address the objection (and Plaintiff's response thereto) below.

## II. ANALYSIS

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly set forth the Court's standard of review in social security cases:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id*. *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Sec'y*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Sec'y*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining

---

[1] The Magistrate Judge cited *Ealy* for the general proposition that, "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."  (ECF No. 18, at PAGEID # 597 (quoting *Ealy*, 594 F. 2d at 516).)

5

>  whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

(ECF No. 18, at PAGEID # 592–93.)

### B. Commissioner's Objection

The Commissioner argues that the Magistrate Judge erred by imposing an additional restriction on the ALJ's RFC analysis that the ALJ did not find to exist. The Commissioner argues that the Magistrate Judge applied the wrong standard to the issue because the question is whether substantial evidence supports the ALJ's RFC finding (which the ALJ used to pose her hypothetical question to the VE), and not whether, from the Magistrate Judge's analysis of the evidence, the ALJ left out certain limitations from her hypothetical question to the VE.

The Court agrees with the Commissioner. The Magistrate Judge erred by applying *Ealy* to the facts of this case and focusing on the hypothetical to the VE when, in fact, the focus should have been on whether the ALJ's RFC finding was proper. By framing the question as whether the hypothetical was deficient, and not whether the RFC finding was proper, the Magistrate Judge improperly used *Ealy* to review the evidence himself rather than applying the deferential "substantial evidence" standard to the ALJ's RFC finding.

The Court begins its analysis by noting that, although the Commissioner considers opinions from medical sources on a claimant's RFC, the "final responsibility" for deciding the claimant's RFC is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d)(2). This decision-

6

making process begins with the ALJ, who is responsible for reviewing the evidence (including opinions of medical experts) and making findings of fact regarding a claimant's case. 20 C.F.R. § 416.927(e)(2). Those findings are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). As such, the Court's review of an ALJ's factual findings (including the RFC determination) is limited to analyzing whether substantial evidence supports that determination.

*Ealy* does not alter those general principles. Rather, in *Ealy*, a medical professional limited the claimant's ability to "[two-hour] segments over an eight-hour day where speed was not critical." 594 F.3d at 516. The ALJ adopted that medical professional's opinions and therefore adopted the specific limitation of "two-hour segments over an eight-hour workday." *Id*. There was, in other words, no dispute that the ALJ found the claimant to have a specific, pace-based restriction. Because the ALJ's hypothetical to the VE did not reference that restriction, the Sixth Circuit found that the VE's answer to the hypothetical could not constitute substantial evidence in support of the ALJ's decision to deny benefits. *Id*. *Ealy*, therefore, stands for the proposition that an ALJ's hypothetical cannot omit restrictions that the ALJ found the claimant to have. *See id*.

The latter phrase—"that the ALJ found the claimant to have"—is key. An ALJ obviously is not required to include limitations in a hypothetical that he or she did not find to exist. *See, e.g., Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

The first issue for the Court is whether the ALJ found a pace-based restriction in this case. Unlike in *Ealy*, the medical evidence at issue here did not identify a specific, pace-based restriction. Instead, the evidence includes a medical expert's testimony that Plaintiff is limited to working in a "low stress" environment. The Court agrees with the Commissioner that the term

7

"low stress" is subject to multiple interpretations.  *Compare Huffman*, 2011 WL 1002096, at *5 (finding the claimant limited to "a low stress work environment defined as one free of fast-paced production or quota requirements and involving only simple, work-related decisions, with few, if any work place changes") *with Locket v. Comm'r of Soc. Sec.*, No. 3:13-CV-303, 2014 WL 5768571, at *1 (S.D. Ohio Nov. 5, 2014) (finding the claimant limited "to low stress work, which in this case is defined as a relatively static work environment with only occasional changes in the work setting").

The issue therefore becomes what interpretation of "low stress" the ALJ adopted in this case.  From the RFC, it is clear that the ALJ interpreted the phrase "low stress" to be analogous to "a stable work environment with no changes in work routine" such that the latter phrase encompasses the former.  In other words, there is no indication that the ALJ interpreted the phrase "low stress" to impose an additional, pace-based restriction on Plaintiff analogous to the specific pace-based restriction in *Ealy*.  The Magistrate Judge erred by concluding otherwise and applying *Ealy* to the facts of this case.  In so doing, the Magistrate Judge made his own factual determination about the proper interpretation of Dr. Linton's "low stress" comment, which violates 20 C.F.R. § 416.927(e)(2)'s mandate that an ALJ is the sole finder of fact.

The Court's review of this matter is limited to determining whether substantial evidence supports the ALJ's decision that "low stress" refers to "a stable work environment with no changes in work routine."  The Court concludes that such substantial evidence exists in this case.  Dr. Linton explicitly based his testimony on Dr. Leisgang's functional assessment, which equates Plaintiff's ability to handle stress to his ability to "cop[e] with major changes in the work environment."  *See* ECF No. 10, at PAGEID # 484.  Moreover, after testifying that Plaintiff

8

should be limited to a loss stress environment, Dr. Linton went on to make several comments about Plaintiff's ability to handle change, and no comments about his ability to work at a specific pace. *See id.* at PAGEID # 109–16. The two doctors' opinions easily support a finding that Dr. Linton's statement about "low stress" meant that Plaintiff was restricted in his ability to handle changes in the work routine, and not in his ability to work at a specific pace.

The Magistrate Judge may be correct that the testimony also could support an alternative interpretation of Dr. Linton's "low stress" comment. But that was not the Magistrate Judge's decision to make. *See Kinsella*, 708 F.2d at 1059 ("Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence.").

Plaintiff's response to the Commissioner's objection is not persuasive. First, Plaintiff argues that the Commissioner asserts only general objections that are insufficient to invoke 28 U.S.C. § 636(b)(1) or Federal Rule of Civil Procedure 72(b). The Court disagrees. The Commissioner specifically argued—and the Court agrees—that the Magistrate Judge improperly applied *Ealy* to the facts of this case. The Commissioner also pointed to specific portions of the R&R and the record in describing its objections, thus properly invoking 28 U.S.C. § 636(b)(1) and Rule 72(b). Plaintiff's argument, therefore, is without merit.

Plaintiff's final argument, that *Ealy* applies and supports the Magistrate Judge's conclusion, is without merit for the reasons set forth above.

### III. CONCLUSION

As a result of the foregoing, and pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court **SUSTAINS** the Commissioner's objection (ECF No. 19),

**SETS ASIDE** Part VI(B) of the R&R, and **OVERRULES** Plaintiff's second asserted error in his Statement of Specific Errors.

Plaintiff's first asserted error, as well as the Magistrate Judge's recommendation in Part VI(A) of the R&R, remains pending before the Court.  Plaintiff shall have fourteen days (14) from the date of this Opinion and Order to file and serve on all parties written objections to those specific proposed findings or recommendations in Part VI(A) of the R&R to which objection is made.  Upon proper objection, a judge of this Court may accept, reject, or modify in whole or in part, the findings or recommendations made in Part VI(A) of the R&R, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

Plaintiff is specifically advised that his failure to object to Part VI(A) of the R&R will result in a waiver  of the right to have the district judge review Part VI(A) of the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting Part VI(A) of the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED**.

                                    **/s/ Gregory L. Frost**
                                    **GREGORY L. FROST**
                                    **UNITED STATES DISTRICT JUDGE**