UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY W. SEEVERS,**

      **Plaintiff,**

  v.                           **Case No. 2:14-cv-00511**
                                  **JUDGE GREGORY L. FROST**
**COMMISSIONER OF**             **Magistrate Judge Terrence P. Kemp**
**SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Part VI(A) of the Magistrate Judge's Report and Recommendation ("R&R") dated March 9, 2015.  (ECF No. 18.)  In Part VI(A) of the R&R, the Magistrate Judge recommended that the Court overrule Plaintiff's statement of error regarding the administrative law judge's ("ALJ") evaluation of medical opinion evidence.  Plaintiff objects to this conclusion.  (ECF No. 23).

For the reasons that follow, the Court **OVERRULES** Plaintiff's objection and **AFFIRMS** and **ADOPTS** the Magistrate Judge's determination in Part VI(A) of the R&R.

**I.**      **BACKGROUND**

Plaintiff applied for disability benefits on May 4, 2010, alleging that he has been disabled since December 15, 2004.  An ALJ held a hearing on Plaintiff's application on February 21, 2012 and concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  After that decision became the Commissioner of Social Security's ("Commissioner") final decision, Plaintiff filed a complaint with this Court seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff asserted that the ALJ erred in two ways.  First, Plaintiff argues that the ALJ

1

failed to properly weigh the medical evidence of record.  And second, Plaintiff argues that "the ALJ erred in failing to include limitations in her controlling hypothetical question and her RFC to account for all of the mental limitations she found to exist."  (ECF No. 11, at PAGEID # 546.)

The Magistrate Judge addressed both of Plaintiff's asserted errors in the R&R.  Although the Magistrate Judge rejected the first asserted error in Part VI(A) of the R&R, he agreed with Plaintiff's second asserted error and recommended in Part VI(B) of the R&R that the Court remand this case.  The Court agreed with the Commissioner, however, that Plaintiff's second asserted error was without merit.  The Court accordingly set aside Part VI(B) of the R&R and granted Plaintiff additional time to object to the Magistrate Judge's conclusions in Part VI(A) of the R&R.  Plaintiff's objections to Part VI(A) of the R&R are now before the Court.

In Part VI(A) of the R&R, the Magistrate Judge addressed Plaintiff's arguments that the ALJ erred in rejecting the medical opinions of Dr. Buban, who opined that Plaintiff experienced a closed period of disability from May 4, 2010 through November 8, 2011, and of Dr. Linton, to the limited extent he stated that he had no reason to disagree with Dr. Buban's opinions.  Plaintiff argued that the ALJ failed to adequately explain her conclusions when she stated that she gave Dr. Buban's opinion "some weight" but then rejected her opinion regarding the closed period of disability.  Plaintiff also argued that the ALJ erred in stating that she gave Dr. Linton's opinions "great weight" while at the same time rejecting Dr. Linton's approval of Dr. Buban's opinion.  Finally, Plaintiff argued that, even if the ALJ adequately explained her decision, she still erred because the decision was not supported by substantial evidence.

The Magistrate Judge rejected Plaintiff's arguments.  After examining the ALJ's written opinion, the Magistrate Judge found that substantial evidence supported the ALJ's decision to disregard Dr. Buban's opinion that Plaintiff experienced a closed period of disability.  The

Magistrate Judge specifically found that Dr. Buban's opinion contradicted the objective medical evidence in the record, including Plaintiff's documented daily living activities and social functioning abilities during the period in question, as well as statements by physicians suggesting that Plaintiff's symptoms actually improved during that period. The Magistrate Judge concluded that the ALJ adequately conveyed this reasoning in her decision.

Plaintiff objects to the Magistrate Judge's conclusions on two grounds. First, Plaintiff asserts that the ALJ did not clearly articulate the portions of the record that purportedly contradicted Dr. Buban's finding of a closed period of disability, and that the Magistrate Judge erred by examining the record himself and finding substantial evidence to support the ALJ's decision. Second, Plaintiff asserts that both the ALJ and the Magistrate Judge failed to appreciate the fact that Dr. Linton expressed agreement with Dr. Buban's opinions. The Court will consider these objections below.

## II. DISCUSSION

The Court set forth the appropriate standard of review in its May 7, 2015 Opinion and Order. That is:

> When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

(ECF No. 22, at PAGEID # 516.) This standard must be applied in light of the well-settled standard of review in social security cases:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*,

3

> 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla.' " *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Sec'y*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Sec'y*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Sec'y of Health, Educ. and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

(ECF No. 18, at PAGEID # 592–93.)

Applying these standards, the Court finds Plaintiff's objections to Part VI(A) of the R&R to be without merit.  The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision to reject Dr. Buban's opinion that Plaintiff experienced a closed period of disability from May 4, 2010 through November 8, 2011 and that the ALJ properly articulated that decision.  The ALJ clearly stated that, "[w]hile some weight is given to Dr. Buban's opinion . . . her findings of marked limitations for any period since the alleged date of onset are simply not supported by the objective record."  (ECF No. 10, at PAGEID # 76.) Substantial evidence in the record supports that statement: progress notes from April of 2011 indicate that Plaintiff was " 'feeling much better' " and was "benefitting from treatment;" notes from April of 2011 indicate that Plaintiff's "major depressive disorder, generalized anxiety disorder, and bereavement were documented to be in remission;" a global assessment functioning score at or around the closed time period indicates that Plaintiff "had no more than slight impairments in social, occupational or school functioning," and notes from July of 2011 indicate that Plaintiff "was doing well and did not feel therapy was needed." (ECF No. 10, at PAGEID # 75.)  The Court found no instance in which the Magistrate Judge cited any portions of

the record that the ALJ did not include in her written decision.  Accordingly, the Court finds no merit to Plaintiff's argument that the Magistrate Judge's review of this evidence amounted to improper "*post hoc* rationale."

The Court reaches the same conclusion with respect to Plaintiff's arguments about Dr. Linton.  Plaintiff argues that the ALJ's discussion of Dr. Linton was "equally confusing and insufficient in that she gave the doctor's opinion 'great weight' but did not credit his testimony which agreed with Dr. Buban that [Plaintiff] did have a closed period of time when his impairment met the Listings."  (ECF No. 23, at PAGEID # 624.)  But, having found that substantial evidence supports the ALJ's decision to discredit Dr. Buban's opinion regarding the closed period of disability, the Court finds no error by the ALJ in rejecting the portion of Dr. Linton's testimony that vaguely expressed agreement with Dr. Buban.  The Court therefore agrees with the Magistrate Judge that there exists "no reversible error in the way in which the ALJ evaluated or weighed the medical opinion evidence."  (ECF No. 18, at PAGEID # 595.)

### III. CONCLUSION

As a result of the foregoing, the Court **OVERRULES** Plaintiff's objection (ECF No. 23), and **AFFIRMS** and **ADOPTS** the Magistrate Judge's conclusions in Part VI(A) of the R&R (ECF No. 18).  The Court accordingly rejects Plaintiff's Statement of Specific Errors in its entirety.  (ECF No. 11.)  The Clerk is **DIRECTED** to enter judgment in Defendant's favor and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost  
**GREGORY L. FROST**  
**UNITED STATES DISTRICT JUDGE**